BELTRAMI, J.,
This matter is before the court on the preliminary objections of defendant Willard J. Hunter, Jr. (“defendant”) to plaintiff’s second amended complaint. Briefs have been filed, oral argument was heard on February 24, 2015, and the matter is ready for disposition.
On April 14, 2014, plaintiff commenced this action by filing a complaint alleging breach of contract and unjust enrichment against defendants. On May 30, 2014, defendants filed preliminary objections to plaintiff’s complaint.
In response to defendants’ preliminary objections, plaintiff filed an amended complaint on August 28, 2014, once again alleging causes of actions for breach of contract *399 and unjust enrichment against defendants. On October 24, 2014, defendant filed preliminary objections to plaintiff’s amended complaint.
On December 4,2014, plaintiff filed a second amended complaint, which only names defendant as a defendant. Once again, the second amended complaint alleges breach of contract and unjust enrichment. On the same date, plaintiff filed a praecipe to amend caption, asking the prothonotary to amend the caption by removing Cynthia R. Hunter as a defendant.
On December 30, 2014, defendant filed the instant preliminary objections, which raise four issues. First, defendant argues, pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2), that the second amended complaint fails to conform to law or rule of court. More specifically, defendant argues that the second amended complaint and praecipe to amend caption had the purported effect of voluntary discontinuing the action against defendant Cynthia R. Hunter in violation of Pennsylvania Rule of Civil Procedure 229, which is as follows:
(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.
(b)(1) Except as otherwise provided in subdivision (b) (2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties.
Pa.R.C.P. No. 229(a)-(b). It is clear that plaintiffhas violated *400 Rule 229, as she has attempted to voluntarily terminate the action against her sister, defendant Cynthia R. Hunter, by amending her complaint but has not obtained either the consent of defendant or leave of court. See Ammlung v. Chester, 302 A.2d 491, 493 (Pa. Super. 1973) (amendment of complaint is improper means for discontinuing action against less than all defendants, which should be effected under Rule 229 with notice to all parties). Thus, plaintiff’s second amended complaint will be stricken as failing to conform to law or rule of court.[1]
Ordinarily, the remedy for violating Rule 229 is the striking of a discontinuance filed without consent or leave of court. See Pa.R.C.P. No. 229(c). As noted above, no such discontinuance was filed in this case. However, plaintiff did file a praecipe to amend caption, which, like the second amended complaint, sought to improperly discontinue the action against defendant Cynthia R. Hunter. Accordingly, that praecipe will be stricken, as well, in order to correct the docket.
In light of the court’s disposition of defendant’s first objection, the court need not reach defendant’s remaining objections, which are demurrers.
*401 WHEREFORE, the court enters the following:
ORDER OF COURT
And now, this 26th day of May, 2015, the “preliminary objections to plaintiff’s second amended complaint,” filed on December 30, 2014, are hereby sustained. Plaintiff’s second amended complaint, filed on December 4,2014, is hereby stricken. The praecipe to amend caption, filed on December 4, 2014, is hereby stricken.
Plaintiff is hereby granted leave to file an amended complaint or a petition, pursuant to Pa.R.C.P. No. 229, within twenty (20) days. If plaintiff files a petition, pursuant to Rule 229, plaintiff is granted twenty (20) days from the date of disposition of the petition to file an amended complaint.

. Plaintiff concedes that Rule 229 was violated but argues that the court should not strike the complaint, as Rule 126 allows the court to disregard errors of procedure that do not “affect the substantial rights of the parties.” Pa.R.C.P. No. 126. In this case, plaintiff suggests that defendant can file a joinder complaint against defendant Cynthia R. Hunter. However, plaintiff ignores the fact that defendant argues that the statute of limitations has expired with regard to any claim against defendant Cynthia R. Hunter. Thus, disregarding the rule violation would substantially affect defendant’s rights because he would lose the right to argue, in a joinder complaint, that defendant Cynthia R. Hunter is solely liable on plaintiff’s cause of action, an argument that defendant currently has the right to make pursuant to Pa.R.C.P. No. 1031.1(1).